H. F. HURXTHAL, Respondent, v. J. R. DALBY, Appellant.

Kansas City Court of Appeals, February 17, 1913.

1. **REAL ESTATE BROKERS: Exchange: Procuring Cause.** An owner of a grocery store in Missouri authorized a real estate agent to notify him when he found a suitable farm for exchange for the store. The agent found that another agent had advertised a farm in Oklahoma for exchange and notified the owner of the store. They went together to see the other agent and found that that farm had been sold and could not be had. The owner testified that that ended any connection or relation between them; and that afterwards this agent to whom he had been thus introduced found a farm in Missouri which he traded for the grocery store and forty acres of land, and that the first agent had no knowledge of or connection with the trade. It was *held* that, if the jury believed this evidence, a verdict should have been returned for the owner of the store, and instructions submitting such hypothesis should have been given

2. ———: ———: ———: Two Agents: Introduction. The mere
fact that one agent introduces a person to another agent to se-
cure a trade for a certain farm in the latter's hands which it
is ascertained cannot be had, will not entitle such agent to
a commission for a trade for another farm made through the
second agent, with which trade the first had nothing to do.

Appeal from Jackson Circuit Court.—*Hon. E. C. Hall,*
Special Judge.

REVERSED AND REMANDED.

*Chapman & Hanger* for appellant.

(1) Even though a broker brings the parties to-
gether and starts them to negotiating, but the property
the broker was authorized to exchange could not be ex-
changed and never was made, and a variance both in
property and price was made in the deal that was con-
summated, and the broker had nothing to do with such
deal and did not even know it was under consideration,
then he neither found the customer nor made the ex-
change, and is not entitled to a commission. Tooker
v. Duckworth, 107 Mo. App. 231; Duncan v. Hills, 155
Mo. App. 702; Blackwell v. Adams, 28 Mo. App. 61;
Yoder v. White, 75 Mo. App. 155; Warren v. Cram, 71
Mo. App. 638; 19 Cyc. 251. (2) The broker must have
been authorized to make the exchange made, and have
been the procuring and efficient cause of the exchange
—and that even though he may find a customer with
whom the owner closes a deal. Crowley v. Somerville,
70 Mo. App. 376; Ramsey v. West, 31 Mo. App. 676;
McCrary v. Kellog, 106 Mo. App. 597.

*Scarritt, Scarritt, Jones & Miller* for respondent.

ELLISON, P. J.—Plaintiff is a real estate agent
and he claims to have traded a stock of groceries owned
by defendant for a farm, and that defendant employed
him to do so, but refuses to pay him a commission for

the service. The judgment in the trial court was for the plaintiff.

The evidence in plaintiff's behalf tended to show that defendant authorized him to procure a trade of his, defendant's, grocery store in Kansas City for a farm. That shortly afterwards he saw a farm in Oklahoma advertised for trade by one Middleton, an agent in Kansas City. That he wrote to defendant that possibly a trade could be made for this farm. That thereupon defendant came to his office and they went together to Middleton's office and talked of the Oklahoma farm. It was arranged that Middleton should telegraph to Oklahoma to see if a trade was desired. Before leaving some other farms were talked of, though nothing was said concerning a trade. They left Middleton's office together, without hearing from Oklahoma. They separated, defendant stating he would come to plaintiff's office that afternoon, but he did not do so and plaintiff never saw him or communicated with him afterwards until he brought this action. The evidence in plaintiff's behalf further tended to show that he afterwards learned that defendant, through Middleton, traded his grocery store and forty acres of land in Benton county, Missouri, for a farm of two hundred and forty acres in Newton county, Missouri.

The evidence in defendant's behalf tended to show that the farm he traded for in Newton county was never considered or mentioned in connection with plaintiff, and that plaintiff knew nothing of there being such a farm. That the trade for that farm was made solely through Middleton after it was ascertained the farm in Oklahoma, which plaintiff recommended and was endeavoring to secure for the trade, could not be had and the matter had been dropped.

On this evidence the court refused two instructions declaring, in effect, that defendant had a right to sell or trade his stock of goods for himself and that if he

did so without assistance from plaintiff and plaintiff did not secure the purchaser, he could not recover.

These instructions should have been given, though it would perhaps have been better to omit the word "even" in the second one. Plaintiff did not have the exclusive agency for sale or exchange of the goods. There was not suggestion in the agreement between him and defendant that he should be remunerated even though he did not bring about the trade.

The court gave an instruction something in line with those refused, which is perhaps the reason for their refusal. But we think, under the circumstances developed in evidence, those refused were proper to explain and make clear the general expressions of plaintiff being the active and procuring cause.

In view of a retrial of the cause we will add that it being ascertained the Oklahoma farm, which plaintiff endeavored to secure, could not be had, it ended plaintiff's connection with defendant, unless the latter expressly or impliedly entered into further relations with him for a trade for the farm finally secured. The mere fact that plaintiff introduced defendant to an agent for the purpose of trading for the Oklahoma farm, would not justify plaintiff in claiming a commission for some other trade made with that agent with which plaintiff was not connected.

The judgment is reversed and cause remanded. All concur.